UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAYLA A. BENNING,

    Plaintiff,

vs.                               CASE NO. 8:21-cv-01085-MSS-SPF

FLORIDA DEPARTMENT OF
JUVENILE JUSTICE,

    Defendant.
_____/

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Defendant, FLORIDA DEPARTMENT OF JUVENILE JUSTICE, by and through their undersigned counsel hereby responds to the Plaintiff's Second Amended Complaint as follows:

1.     Admitted for jurisdictional purposes only.

2.     Without knowledge, therefore denied.

3.     Admitted.

4.     Admitted that venue is proper. Otherwise, denied.

5.     Without knowledge, therefore denied.

6.     Denied.

7.     Without knowledge, therefore denied.

8.     Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Denied.

17. Denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Denied.

21. Denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Denied.

25. Denied.

26. Denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Responses to Paragraphs 1 through 31 are realleged as if fully restated herein.

33. Admitted.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action.

2. Plaintiff has failed to exhaust administrative remedies, formal, informal, statutory or otherwise.

3. Plaintiff has failed to satisfy all conditions precedent including but not limited to failure to exhaust internal remedies, remedies with the Florida Commission on Human Relations, E.E.O.C., failure to provide pre-suit notice, and failure to provide proper timely notice.

4. The Plaintiff's claim is barred by the applicable Statute of Limitations.

5. Plaintiff's Complaint exceeds the scope of the administrative charge or claim.

6. Plaintiff has failed to mitigate her damages or has suffered no damages.

7. No tangible adverse employment action was taken against Plaintiff, who failed to avail herself of workplace remedies.

8. Any action or inaction of the Defendant was not the proximate cause of Plaintiff's alleged damages.

9. Plaintiff is guilty of her own misconduct, which if discovered at the time, would have resulted in her termination or not being hired which should eliminate or reduce her damages accordingly.

10. Plaintiff lacks standing to bring the complaint.

11. Plaintiff's claims are barred by the doctrine of laches and unclean hands.

12. Defendant is entitled to a set off for any amounts received or to be received from any collateral source.

13. The actions taken by the Defendant did not adversely impact the terms or conditions of Plaintiff's employment.

14. All actions of Defendant were taken in conformance with applicable rules and procedures of Defendant.

15. The Plaintiff's claims are barred in whole or in part by the "No Cause" determination of the applicable administrative agency.

16. Plaintiff's claims are wholly or partly barred by the doctrine of sovereign immunity.

17. Defendant asserts that Plaintiff's entire Complaint is frivolous, vexatious, and without foundation, and is brought for the sole purpose of harassing Defendant. Accordingly, Defendant is entitled to costs and attorneys' fees pursuant to Section 57.105, Florida Statutes, and other applicable statutes.

18. Plaintiff's claims are barred in whole or in part by the election of remedies doctrine.

19. Defendant took reasonable steps to prevent and promptly correct any alleged sexual harassment.

20. While any liability is denied, Defendant is entitled to statutory caps as set forth in Section 768.28(5), Florida Statutes.

DATED this 1st day of June, 2021.

          THOMPSON, CRAWFORD,
          BROWN & SMILEY

          /s/Thomas R. Thompson
          _____
          THOMAS R. THOMPSON, ESQ.
          Florida Bar No. 890596
          tom@tcslawfirm.net
          rebecca@tcslawfirm.net
          MALLORY B. BROWN, ESQ.
          Florida Bar No. 124039
          mallory@tcslawfirm.net
          1330 Thomasville Road
          Tallahassee, FL 32303
          (850) 386-5777
          ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Electronic Filling on this 1st day of June, 2021, to:

Ronald W. Fraley, Esq.
The Fraley Firm, P.A.
412 East Madison Street, Suite 1213
Tampa, Florida 33609
rfraley@fraleylawfirm.com
Attorney for Plaintiff

          /s/Thomas R. Thompson
          _____
          Thomas R. Thompson, Esq.